DANA A. DUERSON

VERSUS

WESLEY A. DUERSON

NO. 22-C-520

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 15, 2022

Linda Wiseman
First Deputy Clerk

**IN RE** WESLEY A. DUERSON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFRSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 829-096

Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and John J. Molaison, Jr.

**WRIT GRANTED**

In this writ application, relator, Dr. Wesley Duerson ("Wesley"), seeks review of the trial court's October 31, 2022 judgment denying his motion to stay the temporary relocation of respondent, Mrs. Dana Duerson ("Dana"), and their two minor children to Florida as recommended by the Hearing Officer and the court appointed custody evaluator. In concluding that the relocation issue was not properly before the hearing officer on October 25, 2022, we find the trial court erred in denying the motion to stay. Consequently, we grant the instant writ application, reverse the trial court's October 31, 2022 judgment, and remand the matter with instructions to issue a stay of the October 25, 2022 interim ruling authorizing the immediate temporary relocation of the minor children until such time as a final ruling by the trial court on the issue of relocation is determined.

Wesley and Dana Duerson were married in 2018, but have been physically separated since May 2022; their divorce is pending. Of the marriage two children were born, who are currently ages three and one. Dana is the primary caretaker of the children, and Wesley has only recently taken a more intentional role in their lives. Having no familial support in Louisiana, and allegedly only minimal support from Wesley, Dana requested permission to relocate with the minor children to Florida, where both of her parents and aunt reside. Dana intends to initially reside with the children at her parents' home, where her parents can provide her with caregiver support for the two young children.

Wesley is currently in his second year of residency with Ochsner in Metairie, Louisiana, and anticipates completing that program in eighteen months.

Thereafter, he will be seeking a fellowship that could result in a move to anywhere in the country, including possibly Florida. Wesley would like for Dana to remain in New Orleans with the minor children for the next eighteen months until he completes his residency. According to Wesley, his aunt and elderly grandmother, who both reside on the Northshore, have offered to help Dana with the children.

A hearing officer conference was held on September 2, 2022, and according to the "Stipulations and/or Recommendations of the Hearing Officer," the issues addressed at the conference included, among others, custody, support, and Dana's request to relocate to Florida with the minor children. Though neither party requested a custody evaluation in their pleadings, at the request of Wesley's counsel at the hearing, the parties agreed to submit to an evaluation by Dr. James Klein and that Dana's request for relocation would be determined after the evaluator's report was prepared. Specifically, the Interim Judgment rendered on September 2, 2022, and signed by the trial court on September 21, 2022, stated, in part:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that, upon stipulation of the parties, the Rules of Child Support and Spousal Support are hereby continued to be resumed at a Hearing Officer conference on October 25, 2022, at 9:30 a.m.; and all parties waive notice.
> ***
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon stipulation of the parties, Dr. James Klein is appointed to conduct a custody evaluation of the parties and minor children, and both parties shall contact Dr. Klein within seven (7) days of September 2, 2022.
> ***
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** upon stipulation of the parties, the mother's request to relocate will be decided after the parties submit to the custody evaluation and a report is prepared, ***and upon further Orders of the Court***. [Emphasis supplied.]

In accordance with the Interim Judgment, the custody evaluation took place between September 9, 2022, and October 11, 2022. Dr. Klein's report, which included the recommendation that Dana's request for relocation be granted, was completed on October 18, 2022, and distributed to the parties in advance of the already scheduled October 25, 2022 hearing.

The parties returned for a hearing officer conference on October 25, 2022. According to the September 2, 2022 Interim Judgment, as well as the "Stipulations and/or Recommendations of the Hearing Officer," the only "Issues in Dispute" that were "checked" and to be considered by the Hearing Officer on that date were, "Custody, Child Support, and Interim Spousal Support." The line next to "Relocation" was left blank. Nonetheless, over the objection of Wesley's counsel, after hearing additional testimony by the parties, arguments of counsel, and reviewing the evaluator's report, the hearing officer, considering it to be in the best interest of the children and in accord with Dr. Klein's report, recommended that Dana's request to temporarily relocate the children to Florida be granted.

An Interim Judgment adopting the recommendations of the hearing officer was signed by the trial court on October 25, 2022, stating, in part, "[a]fter the filing of timely objections the Interim Judgment remains in effect pending a hearing before the District Court Judge." A hearing *de novo* before the trial court is currently set, according to the official record, on December 7 and 19, 2022, in approximately three weeks.

Also on October 25, 2022, Wesley filed a "Motion to Stay the Recommendation of the Hearing Officer Granting Temporary Relocation of the Minor Children until the Objection Hearing Can be Held and Objection to the Recommendations of the Hearing Officer from the Hearing Officer Conferences Held on September 2, 2022 and October 25, 2022." Following an expedited hearing on Wesley's motion to stay held on October 31, 2022, the district court denied the motion. Wesley now seeks review of that ruling.

The crux of Wesley's argument set forth in his writ application is that he did not have proper notice that the relocation issue was going to be addressed by the hearing officer on October 25, 2022. Wesley does not contend that he was not given notice under La. R.S. 9:355 *et seq.* that Dana was seeking to relocate to South Florida with the minor children. Rather, he contends that, pursuant to the hearing officer's September 2, 2022 recommendations and the trial court's Interim Judgment signed on September 21, 2022, the only matters that were set to be taken up at the October 25, 2022 hearing officer conference were custody, child support, and spousal support. Wesley argues that the relocation issue was not going to be revisited or determined until after the custody evaluation was completed and a report was prepared. Thus, even though the evaluator's report happened to be prepared and distributed prior to the October 25, 2022 hearing, the relocation issue was not formally set to be considered on that date. Consequently, Wesley argues the trial court erred in failing to grant his stay of the order authorizing the temporary relocation of the minor children.

After reviewing the express language of the trial court's September 21, 2022 Interim Judgment—"the mother's request to relocate will be decided after the parties submit to the custody evaluation and a report is prepared, ***and*** *upon further Orders of the Court*"—we agree. While it is true that the parties submitted to the custody evaluation and a report was prepared, there was no further "Order[] of the Court" actually setting the relocation issue for a contradictory hearing on October 25, 2022. Thus, because the issue was not properly set for hearing, and considering the objection of Wesley's counsel regarding same, the hearing officer erred in making a recommendation that Dana be allowed forthwith to temporarily relocate to Florida with the minor children. Thus, we find the trial court likewise erred in making that recommendation the judgment of the court, and in failing to grant Wesley's motion to stay the ruling authorizing Dana to immediately relocate with the children.

For the foregoing reasons, we grant Wesley's writ application, reverse the trial court's October 31, 2022 denial of Wesley's motion to stay, and remand the matter to the trial court with instructions to issue a stay of the October 25, 2022 interim judgment granting Dana's request to temporarily relocate with the minor children to Florida until such time as a final ruling by the trial court on the issue of relocation is determined, at the hearing currently scheduled December 7 and 19,

2022.[1]  We also instruct the trial court to notify this Court when a stay has been issued.

Gretna, Louisiana, this 15th day of November, 2022.

**SMC**
**RAC**
**JJM**

---

[1]	We specifically note that this ruling in no way precludes Dana from taking her children to visit her parents and aunt in Florida at some time between now and the commencement of the December 7, 2022 hearing.

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **11/15/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**22-C-520**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
David M. Prados (Respondent)                Jennifer C. Carter (Relator)

### MAILED